Our next case for argument today is U.S. v. Turner, Appeal No. 242735. I think Ms. Killian is online. Yes, Your Honors. There she is. Okay, whenever you're ready. Okay. Good morning. May it please the Court. My name is Kelsey Killian. I represent Defendant Appellant Ms. Turner in the Instant Appeal. I would like to reserve three minutes for rebuttal if that pleases the Court. Ms. Turner raises two main issues in her appeal. One, that the District Court erred by applying a two-level enhancement for Ms. Turner's role as a manager supervisor under Guideline 3B1.1c. And two, the District Court erred by relying on PSR allegations over Ms. Turner's written objections and without nailing down a factual basis for the additional drug quantity. Instead, the Court simply proceeded to adopt whole-cloth the probation position. The Court did so over, quote, any objections at all. As to the first issue, as an initial matter, I do want to address the government's argument that Ms. Turner has waived this issue. This issue is properly before the Court. Ms. Killian, can you hear me? I think the issue is not waiver but forfeiture. Okay, then I must have thought it was waiver and or forfeiture. No, no, I believe you may be correct. But even under forfeiture, I believe that even if the argument is forfeiture, Ms. Turner has not forfeited this argument. The government argues that Ms. Turner forfeited the argument because she didn't object to any specific, or excuse me, any certain statements in the PSR. However, when the Court was deciding whether to apply this two-level enhancement, the Court only relied on trial testimony. And the Court makes this very clear. He says this multiple times throughout a single paragraph that he's only relying on the trial testimony. In any event, Ms. Turner did, in her sentencing memorandum, she did object to the paragraph 37 in the PSR which addresses this two-level enhancement. And also she goes on to explain, although briefly, why she's objecting. In any event, it's our position that this issue is proper. Does she have a bigger forfeiture issue with respect to the drug quantity than with respect to the leader or organizer enhancement? I believe it is a bigger issue, yes. The government does argue with regard to the drug quantity that she has either waived or forfeited that argument. I would ask the Court to take her arguments as preserved. And I ask this because in her... Even if we did that, what difference do they make? There were so many drugs involved in this case. I mean, the quantity far surpasses the minimum for the offense level. And the judge gave an inoculating statement that said he would have issued the same sentence anyway. So even if we find all of your objections well taken, what difference do they make as to the drug quantity? I would argue then the drug quantity, the Court... If you are taking this issue as preserved, that the Court made a procedural error. Because Ms. Turner objects to the drug quantity. And she points to certain instances in... Excuse me, certain paragraphs in the PSR. And the Court admittedly does address one of the paragraphs. And this is the one... I believe this is paragraph 13 with regarding the mailings from... Mailing meth from California to Illinois. And he does address why the quantity... Why he has found that the quantity is what it is. Because he goes back to the trial testimony and delineates Marcus Posey's testimony. However, if we're taking all of her objections as preserved, the Court does not do that with any other objections. He simply says, well, you know, with all of your other objections, I hear them. But I'm going to adopt the probation's position. That to me, and it's our position, that that is a procedural error. And under a de novo review, that procedural error, it is a procedural error. And therefore, you know, we move on to consider whether it is harmless. And I would argue that, of course, it is not harmless. Can I stop you there for just a second? Because reading the sentencing transcript here, it was hard for me to see anybody really raising any quantity issues with the district judge. I realized that they were part of the written submission. But I would have thought the defense counsel would be standing up. And if he thought he was still pursuing it, would have been really insisting these all be addressed. It would be helpful to me if you could look at the chart that the government included in pages 54 to 56 of its brief regarding quantity calculations. It's laid out, seems to me quite clearly, where the trial testimony that the judge relied upon supported the quantities. Can you point us to errors in that chart, and especially errors that, as Judge Kirsch indicated, would be sufficient to take this out of offense level 38? I believe that the chart is correct. I believe that there is trial testimony. However, that does not relieve the court of its Rule 32 obligations. If Ms. Turner's objections are preserved, then the court must then address those objections, which he did not. And that's a procedural error. Again, I concede that the citations are correct. There is this trial testimony. However, the court doesn't address that. It's similar to what the court has done in Asbury. The defendant objects. The court simply just does not specifically nail down the factual basis for additional drug quantity. Instead, it just proceeds to a general blanket adoption. Moreover, there's a bigger issue with regard to the additional drugs. You're talking about the cocaine and the marijuana? Yes. They have no effect on the guideline calculation, right? Correct. I don't see where that... The quantities of methamphetamine here are just staggering, at least for the kind of cases that we see here in the Midwest. And so that's why I was inviting you to show how you could get below offense level 38 here. I don't... Because the court has not addressed these specific objections and made a specific factual finding as to why the quantities were what they were in each paragraph, I can't answer that. Again, I agree with the court. I wish trial counsel would have stood before the court beating his chest with very articulate objections to these quantities. Unfortunately, that's not the record before us. But I do believe that counsel's objections do trigger a Rule 32 analysis or procedure, and the court failed to do that. And therefore, we have a procedural error, and we would need to remand to revisit that on resentencing. I will, if it's... I see my time is cutting into rebuttal, so I will pause here. Okay. That's perfectly fine. We'll hear from Mr. Canestra. May it please the court. Good morning, Your Honors. Jeff Canestra on behalf of the United States. The district court didn't clearly err in finding that the defendant was a manager or supervisor in this operation or in overruling the drug quantity objections that were actually presented to it. Now, beginning with the manager-supervisor enhancement, as the district court found, the defendant was at the top of this organization. She might have been there alongside Marcus Posey. She might have been his superior even. But either way, she was at the top of this organization, while there were multiple other lower-level members, people like Patrick Posey, Marcus Merriweather, Ronald Lemons, who had no share in the profits and just played smaller parts, whereas this defendant was an integral part of every one of the conspiracies, operations, including supply, the transportation runs, deliveries, coordinating its logistics, and so on. To briefly address defense counsel's point about waiver of forfeiture, I think the government's point there is more modest than she suggests. Her point isn't that the defendant waived objection to the enhancement itself, but simply that the district court was entitled to accept as true and adopt as its own findings any factual assertions in the pre-sentence report that were not objected to. Here, that includes paragraph 15, which says, among other things, that Patrick Posey transported narcotics on several occasions, quote, at the direction of Marcus and Turner, Turner being the defendant. So that's a factual assertion in the pre-sentence report that squarely supports the defendant's management and supervision of another participant and that the defendant did not object to that. The district court didn't rely exclusively on the trial evidence either. What it said on page 15 of the transcript is that it was relying on not just the pre-sentence report, but also all the trial evidence. So when we look at the trial evidence, the uncontested facts in the pre-sentence report, the district court didn't clearly err in finding that the defendant was a manager or supervisor. So even if we were to assume, as the defendant argues, that Marcus Posey was also a manager or supervisor, it would simply mean that they both are. Because at the very least, their equals at the top of this organization and other people like Patrick Posey, Marcus Meriwether, Emily Ritchie, all those people played very low-level roles without any stake in the province. Turning to the drug weight, the defendant has preserved very little of what she argues on appeal. In the addendum to the pre-sentence report, she offered narrow, specific objections to only a subset of the paragraphs that address the drug quantity. That's simply irreconcilable with her arguments on appeal that she's objecting to every last reference to drug quantity in the pre-sentence report. And we know that not only because of the objections in the addendum, but also three different portions of the sentencing hearing itself where the court addressed that, and it made clear that counsel was not pursuing objections to these additional paragraphs. First, at the outset of the hearing on pages 7 to 8, the court inquired of both the defendant personally and defense counsel if all the objections were in the addendum. The defendant herself confirmed that they were, and defense counsel's only statement there was to clarify that his sentencing memorandum did not address the obstruction enhancement that was in the pre-sentence report. So he's clarifying that his sentencing memo is incomplete as compared to the pre-sentence report, not that he's attempting to raise any additional objections in the sentencing memo. When the court was actually going through each of the objections on pages 19 to 20 of the transcript addressing paragraphs 18 and 19, it discussed at length how those objections simply had no effect on the offense level. It said repeatedly that regardless, the defendant is going to be in offense level 38. We all know she's going to be in offense level 38. Defense counsel's response was, I understand, Your Honor. And defense counsel agreed that she was going to be in the same base offense level. Of course, that's, I think, quite clear based on the trial testimony and the additional paragraphs she didn't object to encompass hundreds of pounds of methamphetamine. And then I think- Can you help us out? Excuse me, Mr. Kinster. Can you help us out there? Paragraphs 16, 17, and 18 of the PSR include a lot of meth quantity there. And all of them use the phrase, it was later determined. Passive voice, by whom? How? That's correct. And I think that language is regrettable. The answer is that it was that information came directly from Marcus Posey. Specifically, that information came right out of an affidavit that Marcus Posey had signed before trial as part of his cooperation. That affidavit was used to refresh his recollection at trial on a couple of occasions. It was marked for identification, I believe, as Exhibit 5-2. So defense counsel was well aware of that. It was something that defense counsel had access to. It came up at trial. And, in fact, it was the same affidavit that was used as the basis for the quantities in paragraphs 16 through 19. And when the defendant actually did object to paragraph 19, but in doing so, he conceded that those amounts, in fact, came straight from Marcus Posey. And he offered just a generic objection to Marcus Posey's credibility because, of course, Marcus Posey had his own reasons for cooperating. But his testimony, he was someone who actually testified at length at trial. It was extensively corroborated. The district court had a front row seat to his testimony. And so it had ample basis to find that those amounts were credible. Of course, many of the amounts in those paragraphs were also squarely addressed at trial as well. And just to finish on the objections that were actually presented to the district court, when the court finished going through the addendum, all the objections that were actually in there, it squarely addressed defense counsel, said, have I got them all? Have I addressed all of your objections? And defense counsel agreed that the court had. So this presents exactly the sort of situation that this court has cautioned about, where a defendant cannot, by her own actions, lull a district court into believing that no finding is necessary, and then object on appeal to the lack of such a finding. I think that's a perfect description of this case. That's something this court has said on many occasions. I'd be happy to answer questions on the specific findings. But to Your Honor's questions about harmlessness, I think that's clear here as well. Everybody agreed in the district court that the defendant was going to be an offense level 38 regardless. Defense counsel agreed with that on pages 18 and 19 of the transcript. And perhaps the easiest way to illustrate that beyond the chart that Your Honors have referenced in the government's brief, is that even if we were to look only at the amounts that were actually seized and lab tested and admitted into evidence at trial, those drugs themselves are five times the amount necessary to fall in the highest base offense level. The government seized 56 pounds of methamphetamine from Marcus Posey, from his person in his stash house. Those drugs were lab tested and came back as 100% pure methamphetamine. And it only takes 4.5 kilograms, or just under 10 pounds, to fall in the highest base offense level. So the drugs, even if we looked only to the drugs that are actually on the table, admitted into evidence with lab reports and testimony at trial, the defendant already falls in the highest base offense level. Beyond that, the district court made clear that the specific amount simply had no bearing. The cocaine and marijuana had a total effect on the drug quantity of 0.2%. Obviously, that had no effect. And given that it was undisputed that the defendant was responsible for hundreds of pounds of methamphetamine, really a scale that your honors have noted is simply not seen in this district, in this circuit. The district court made clear that it was the overall scope of this conduct, the harm that methamphetamine has on the community, rather than a specific quantity that it was driving in its sentence. No matter what, the defendant was going to be in the same base offense level. The court focused on the overall scale of her participation, which it was well aware of, having presided over trial. And it was that rather than any specific number that drove its decision here. Mr. Kienstra, I think I'd be remiss if I didn't at least comment here to note the pretty staggering disparity in sentences between Ms. Turner and the Poses. Given what we've got a great Marcus got 10 years. Is that right? That's correct. And Patrick got five years and Ms. Turner got 27. Right? That is correct. That was something that, I mean, that was the defendant's principal argument in mitigation. The district court addressed that at sentencing hearing. It noted that there were material differences between Marcus Posey and the defendant. I think Patrick Posey is just not comparable. Marcus Posey would be more comparable in terms of offense conduct. But in terms of basically everything that happened after he was charged, it was just night and day from this defendant and Marcus Posey. Not only did Marcus Posey forthrightly accept responsibility and admit his conduct, but there are, of course, other factors. He testified at this defendant's trial. And I'd rather not get into the background there, but that was a factor that the district court gave great weight to in opposing his sentence. I understand it deserves great weight. This is staggering weight to me. The district court has an awful lot of discretion in such matters. I understand your concern, Your Honor. Unless there are any further questions, we would ask this court to affirm. Thank you. Okay, Ms. Killian. Your Honors, I wanted to address the factual basis for the court applying the two-level increase for manager-supervisor. Really, the conduct is very different between Marcus Posey and Ms. Turner. There's a slew of examples. Marcus Posey admitted that he set up some of the deals. He admitted that he decided how money would be carried from Illinois to California. He approached his cousin and solicited him to take the money, transport money and drugs. Patrick, his cousin, he operated at the instruction of Marcus, and it was Marcus that paid him, even though some of the money was from Ms. Turner. Marcus did the selling of the drugs. He said that he has his own customers that he's selling to in Illinois. All of the contacts in California, while they may have known Ms. Turner, it was Marcus who essentially solicited them to be a part of the conspiracy. Ms. Turner simply did not have the kind of control, the kind of decision-making authority that Marcus Posey did. With that, I will rest on our brief. Okay, thank you. Thank you to both counsel. The case will be taken under advisement.